**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 9, 2022[*]
Decided November 10, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 21-3319 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| SHEDRICK BOWES-NORTHERN, *Plaintiff-Appellant*, | |
| *v.* | No. 21-CV-6195 |
| LATESHA C. MILLER, *et al.*, *Defendants-Appellees*. | Manish S. Shah, *Judge*. |

**ORDER**

Shedrick Bowes-Northern and Latesha Miller are engaged in a dispute about custody of their child. Judge Fredrick Bates awarded principal custody to Miller but entered an order granting Bowes-Northern parenting time (visitation) every other weekend. The order requires Miller to deliver the child to a police station in Markham, Illinois, every other Friday evening and pick her up there at the weekend's end. Bowes-Northern contends in this federal suit under 42 U.S.C. §1983 that Miller has repeatedly

---

[*] The appellees were not served with process and have not participated in this appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

failed to comply with this requirement. The district court dismissed the suit before authorizing service of process on the defendants.

Bowes-Northern is not a lawyer and lacks legal assistance, so we consider all of the legal arguments that his filings might be understood to present.

To the extent that Bowes-Northern wants a federal remedy for the failure of the state judge, the police, and other public actors to enforce the visitation order, he is mistaken to think that non-enforcement violates the Constitution. *Castle Rock v. Gonzales*, 545 U.S. 748 (2005), holds that the Due Process Clause of the Fourteenth Amendment does not require state officials to enforce orders entered by state courts. Enforcement is a matter for the state to work out for itself. (Bowes-Northern does not contend that any federal statute creates an explicit right to federal enforcement of a state's visitation order.)

To the extent that Bowes-Northern wants review of the state court's orders (for example, orders declining to hold Miller in contempt of court), he is in the wrong forum. The *Rooker-Feldman* doctrine blocks any federal court—other than the Supreme Court of the United States—from reviewing decisions of state courts in civil suits. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Bowes-Northern must ask a state's court of appeals, not a federal district court, to review the decisions of a state's trial court.

To the extent that Bowes-Northern wants the state judge to act on motions he has filed, again he is in the wrong forum. Federal courts do not superintend the conduct of litigation pending in state court, especially when the question concerns child custody. This is one of the abstention doctrines that allocates litigation between state and federal tribunals. See *Moore v. Sims*, 442 U.S. 415 (1979); *Ashley W. v. Holcomb*, 34 F.4th 588 (7th Cir. 2022); *Milchtein v. Chisholm*, 880 F.3d 895 (7th Cir. 2018).

Finally, to the extent that Bowes-Northern wants relief as a matter of Illinois law, again he needs to be in state court. Bowes-Northern is a citizen of Indiana, while Miller and all of the other defendants are citizens of Illinois, so complete diversity of citizenship is present. 28 U.S.C. §1332. We may assume that the value of visitation rights exceeds $75,000. Still, the domestic-relations exception to this statute allocates child-custody disputes to state courts even when other elements of §1332 have been satisfied. See *Marshall v. Marshall*, 547 U.S. 293, 308–12 (2006); *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992); *J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021).

The district court dismissed the suit with prejudice. What we have said shows that this is right only in part. The domestic-relations exception to §1332, and the *Rooker-*

*Feldman* doctrine, concern the extent of federal subject-matter jurisdiction. Dismissals for lack of jurisdiction must be without prejudice, so that the party may proceed in the proper forum. A decision by a federal court to abstain also is without prejudice, again to ensure that litigants' rights in state court are not adversely affected. Only the dismissal of Bowes-Northern's due-process theory was properly with prejudice.

The judgment is affirmed to the extent it resolves the due-process theory on the merits but otherwise is vacated, and the case is remanded with instructions to dismiss without prejudice to presentation of the arguments in state court.